IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KENNETH CURRY, individually and on behalf of a class of similarly situated persons,<br>Plaintiffs,<br>vs.<br><br>EXPRESS WASH OPERATIONS, LLC,<br>d/b/a WHISTLE EXPRESS CAR WASH,<br>Defendant. | COMPLAINT– CLASS ACTION<br><br>Civil Action No.<br><br>Jury Trial Demanded |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Kenneth Curry, individually and on behalf of a class of similarly situated persons, entities, and businesses, ("Plaintiffs"), through the undersigned counsel, files this Class Action Complaint against the Defendant, Express Wash Operations, LLC, doing business as Whistle Express Car Wash ("Whistle Express"), and asserts the following:

## INTRODUCTION

1. This is a putative class action filed against the Defendant for engaging in an illegal and deceptive "automatic renewal" scheme with regards to the sale of car washes and subscriptions to a monthly "Wash Club" at its location in Murphy, North Carolina. The Defendant operates a facility doing business as Whistle Express Car Wash in Murphy, North Carolina where consumers can purchase a wash to clean the exterior, and in some cases, the interior of their vehicle. While customers expect to have the ability to purchase a single wash and the facility markets and offers for sale a single wash, when a customer enters the Whistle Express drive-thru in Murphy, North Carolina a touchscreen computer kiosk offers the sale of car washes in a deceptive and misleading manner. Unbeknownst to

customers, to purchase a car wash, the touchscreen kiosk first requires them to choose a wash that automatically signs them up for the Defendant's monthly "Wash Club" but does not disclose the enrollment. Consumers cannot purchase a single wash without first choosing a monthly subscription plan, and then opting out on a subsequent kiosk screen.

2. Further, the way subscriptions to the Defendant's monthly "Wash Club" are sold at its Murphy location violates North Carolina consumer protection laws governing contracts with automatic renewal clauses. The Defendant fails to make disclosures and notices required for automatic renewals under North Carolina law, including, but not limited to, clear and conspicuous notices of the renewal, directions to consumers as to how to cancel the automatic renewal and notice that the automatic renewal is twice the price of the initial wash. Further, no terms and conditions of any automatic renewal are adequately communicated to consumers at the time of purchase, as required by North Carolina law.

3. Plaintiff, Kenneth Curry, while traveling in the State of North Carolina, purchased a single car wash at the Whistle Express Car Wash in Murphy, Cherokee County, North Carolina, and was later subjected to multiple additional double monthly charges on his credit card following his visit to the business in the following months.

4. Plaintiff, Kenneth Curry, files this class action complaint on behalf of himself and all other similarly situated North Carolina consumers of the Whistle Express in Murphy, North Carolina for violations of North Carolina's Unfair and Deceptive Trade Practices Act.

## PARTIES

5. Plaintiff, Kenneth Curry, is a citizen and resident of Lago Vista, Travis County, Texas. He brings this action individually and on behalf of other similarly situated persons, entities, and businesses, as defined herein, who were consumers in the State of North Carolina, who fell victim to the Whistle Express "automatic renewal" scheme at the Murphy, North Carolina location operated by the Defendant.

6. The Defendant, Express Wash Operations, LLC, d/b/a Whistle Express Car Wash, is a foreign corporation doing business in the State of North Carolina and is domiciled in Delaware with its registered agent being The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant because Defendant markets and provides car wash services throughout the State of North Carolina and makes its car wash services available to residents of North Carolina. Further, this Court has personal jurisdiction over Defendant as the Defendant's wrongful conduct against Plaintiff and proposed Class Members occurred in substantial part in this District and because Defendant committed the same wrongful acts to other individuals within this judicial District, such that some of Defendant's acts have occurred within this District, subjecting Defendant to jurisdiction here.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), because at least one member of the putative class, the Plaintiff, is a citizen of Texas and Defendant is a citizen

of Delaware, thus meeting CAFA's minimal diversity requirement. Additionally, the proposed Class consists of 100 or more members and the amount in controversy, when aggregated among a proposed class of thousands, exceeds $5,000,000.00, exclusive of costs and interest and fees that might be awarded.

9. Venue in this case is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events giving rise to the claim occurred in this District, and because Plaintiff was injured in this District.

## FACTUAL ALLEGATIONS

10. Whistle Express, formerly known as Magnolia Wash Holdings, was founded in 2016 in the Southeastern United States and began rapidly acquiring car wash facilities.

11. Whistle Express has more than 100 locations in nine states throughout the Midwest and Southeast. In the State of North Carolina alone, the company operates car wash facilities in 23 cities, including Burlington, Cameron, Charlotte, Fayetteville, Graham, Greensboro, Greenville, Jacksonville, Kinston, Leland, Louisburg, Morehead City, Mount Airy, Murphy, New Bern, Raleigh, Rocky Mount, Roxboro, Southport, Washington, Wilmington, Wilson, and Winston-Salem.

12. According to an industry report published October 23, 2023, the car wash market in the United States was valued at $29.3 billion in 2021 and $38.4 billion in 2022.

13. To increase its profits in this lucrative industry, Whistle Express created a "Wash Club," which is a subscription plan where consumers pay a monthly membership fee for car washes with automatic renewals billed to a customer's credit or debit card.

4

14. In the State of North Carolina, General Statute (NCGS) § 75-41 of the state's consumer protection laws governs contracts with automatic renewals and applies to any person engaged in commerce that sells any products or services to a consumer with an automatic renewal clause.

15. These consumer protection laws apply to the Defendant in their sale of "Wash Club" subscriptions to customers of the Whistle Express operated in Murphy, North Carolina.

16. Pursuant to North Carolina law, any automatic renewal clause must be clear and conspicuous in any contract or contract offer. N.C. Gen.Stat. § 75-41(a)(1)

17. Further, the Seller must disclose clearly and conspicuously directions to the customer on how to cancel the contract in the *initial* contract, contract offer or with the delivery of the product or service. N.C. Gen.Stat. § 75-41(a)(2)

18. For any automatic renewal exceeding 60 days, the law provides that the seller must provide written notice to the consumer by personal delivery, electronic email, or first class mail, at least 15 days, but no later than 45 days, before the contract is to be automatically renewed, stating the date on which the contract is scheduled to automatically renew and notifying the consumer that the contract will automatically renew unless it is cancelled by the consumer prior to that date. N.C. Gen.Stat. § 75-41(a)(3)

19. The law provides that if the terms of the contract will change upon the automatic renewal of the contract, the seller must disclose the changing terms of the contract clearly and conspicuously on the notification in at least 12-point type and in bold face print. N.C. Gen.Stat. § 75-41(a)(4)

20. Whistle Express has not complied with the requirements of N.C. Gen.Stat. § 75-41 (a)(1)-(4) when it sells car washes or "Wash Club" subscriptions to unsuspecting consumers at its Murphy, North Carolina location, and engages in deceptive tactics to initially enroll costumers in the "Wash Club" in the following respects:

a. The Defendant utilizes self-serve computer monitors for the purchase of washes at its Murphy facility and the first purchasing screen seen by a customer who drives up to the Whistle Express in Murphy to purchase a car wash includes only options for "Wash Club" subscriptions and does not have an option to purchase a single wash. This electronic computer screen also cannot be bypassed. A single wash can be purchased, but only after being required to choose a "Wash Club" subscription first, and then opting out in a later computer screen.

b. The selections for a "Wash Club" versus a "single wash" option are not shown at the same time, are not shown equally on the same computer screen, and both options are not presented in same font size or equal proportion in a readily understandable manner for a customer at the Murphy drive-thru facility to view or understand when attempting to purchase a single wash.

c. The self-serve computer kiosk system used by the Defendant at its Murphy location are deceptively designed to promote and increase the likelihood the consumer will enroll in a "Wash Club" whether intentionally or inadvertently.

d. The automatic renewal clause of a subscription to a "Wash Club" is also not clear and conspicuous in the initial offer or transaction made with a consumer buying a car wash at the Defendant's Murphy facility. No terms or conditions of the subscription or

6

automatic renewal are provided at the time of the purchase when a consumer is at the Whistle Express in Murphy, North Carolina in their vehicle.

 e. The Defendant also fails to communicate to customers in a clear and conspicuous manner how they can cancel a "Wash Club" subscription at the time of the purchase and when the customer is at the Murphy Whistle Express car wash in their vehicle.

 f. The Defendant does not request or obtain any contact information directly from the customer, other than their credit or debit card account numbers, which are scanned in the self-serving kiosk, and does not obtain the customers' telephone number, address, or email address at the time of purchase. The Defendant specifically does not send the requisite written notice to consumers of automatic renewals exceeding 60 days after enrolling customers in a "Wash Club" subscription at this location.

 g. Any notices made at the time of the transaction regarding a "Wash Club" subscription that do exist are either hidden or in smaller print and do not provide sufficient notice to customers attempting to purchase a wash in only a few minutes in a drive-thru setting at the Defendant's Murphy wash facility.

 h. The offer of unlimited washes on a second visit are also presented in a confusing manner which fails to alert the consumer that they are buying a subscription at the current visit.

 i. The Defendant fails to clearly and conspicuously disclose to customers that the automatic renewal terms are also different and the fee for a "Wash Club" will be twice the amount of the costs of the initial purchase of the wash.

 j. In other manners to be discovered in this litigation.

21. Under NCGS § 75-41(e), the Defendant's automatic renewal clause is void and unenforceable.

## PLAINTIFF'S CAR WASH EXPERIENCE

22. On October 2, 2023, the Plaintiff, Kenneth Curry, was visiting North Carolina and decided to purchase a car wash to clean his vehicle. He entered the Whistle Express Car Wash located at 251 King Street, Murphy, North Carolina, a facility operated by the Defendant.

23. On October 2, 2023, using the touchscreen in the drive-up facility of the Defendant at their Murphy location, the Plaintiff paid the sum of $21.40 for a single wash.

24. Because the Defendant's unfair and deceptively failed to comply with N.C. Gen.Stat. § 75-41, after purchasing what he believed was a single wash, the Plaintiff later discovered that Whistle Express had been charging his credit card for several months, in the amount of $42.80 monthly, double the fee of a single car wash. Specifically, the Defendant charged the Plaintiff $42.80 on the following dates: November 2, 2023; December 2, 2023; January 2, 2024; February 2, 2024; March 2, 2024; and April 2, 2024, all for a total of $256.80.

25. Further, not only was the Defendant charging the Plaintiff, Kenneth Curry, a monthly charge to his account for a "Wash Club" subscription, but it doubled the price of what he paid on the day he purchased what he believed was a single wash, debiting his bank card twice the amount of what he paid to wash his vehicle on October 2, 2023.

26. When the Plaintiff was at the Murphy car wash facility on October 2, 2023, he was not provided any clear and conspicuous notice that he had agreed to become a

8

Case 1:24-cv-00178-MR-WCM   Document 1   Filed 06/24/24   Page 8 of 19

member of a "Wash Club," was not provided any terms and conditions for a "Wash Club" subscription and did not consent to become a member of a "Wash Club." He did not authorize any automatic renewal of any subscription or authorize his bank card to be charged monthly at double the amount after purchasing a single wash on October 2, 2023.

27. Further, at the time the Plaintiff purchased a car wash on October 2, 2023, the Defendant did not obtain any personal contact information from the Plaintiff, Kenneth Curry that would enable the Defendant to comply with N.C. Gen.Stat. § 75-41. Mr. Curry received no notices from the Defendant regarding the terms of any automatic renewal of a "Wash Club" subscription, received no written 60-day notice regarding an automatic renewal with an opportunity to cancel, and received no notice that the price of the car wash in any automatic renewal had changed and was for an amount that was different than the original price he paid on the day of the wash.

28. Finally, even if the Plaintiff had voluntarily joined a "Wash Club" which the Plaintiff contends he did not, the Plaintiff was not provided any clear or conspicuous instructions on how to cancel a "Wash Club" subscription.

29. Upon learning his card was being charged monthly for these unauthorized charges, the Plaintiff, Kenneth Curry, attempted to contact the Whistle Express location in Murphy, North Carolina to dispute the charges and stop the automatic renewal. After many phone calls and substantial effort, Mr. Curry finally reached a manager at the Whistle Express car wash in Murphy, North Carolina, and complained about these unauthorized charges. In response, the manager admitted that this was a frequent and common customer complaint. Further, she made representations that this was the such a common occurrence

9

Case 1:24-cv-00178-MR-WCM   Document 1   Filed 06/24/24   Page 9 of 19

that it is repeatedly the number one complaint of employees to management and owners of the company in their annual internal survey of employees. Employees have heard complaints from customers so often about the automatic renewal scheme that the employees complain routinely and loudly to management/ownership about this problem. She stated she could not refund the full amount of the monies wrongfully charged and directed the Plaintiff to call customer service.

30. When the Plaintiff called customer service for Whistle Express, he could not reach a live person and instead heard only a voice recording directing him to the company's website and a website for membership.

31. The Plaintiff was never able to reach a live person with the corporate office and could not reach anyone by telephone at the local branch again.

32. The Defendant never refunded monies to the Plaintiff and the Plaintiff was only able to stop the charges by canceling his credit card. To date, the Plaintiff has never received a refund for any monies charged after his initial purchase of a single car wash.

## **CLASS ACTION ALLEGATIONS**

33. This action is brought as a class action under the Federal Rules of Civil Procedure Rules 23(a)(1)-(4) and Rules 23(b)(3) as more specifically set forth below. The conduct of Whistle Express in its automatic renewal scheme has been systemic and continuous and has affected a large number of consumers in the State of North Carolina.

34. This action seeks to recover damages suffered by the Plaintiff, and the Members of the proposed Class (collectively "Class Members"), all consumers in the State of North Carolina who were enrolled in a "Wash Club" at the Whistle Express location in

Murphy, North Carolina and subjected to the Defendant's unlawful automatic renewal scheme.

### Class Certification Definition

35. Plaintiff seeks certification of the following Class:

Class:

All persons, entities or companies who purchased a car wash at Whistle Express Car Wash in Murphy, North Carolina and were subsequently charged automatic renewal fees.

36. Excluded from the Class are (a) the assigned Judge, (b) the Judge's staff and family, and (c) Whistle Express employees.

### Numerosity

37. Pursuant to Rule 23(a)(1), membership in the class is so numerous as to make it impractical to bring all Class Members before the Court. The exact number of Class Members is unknown but can be determined from the records maintained by the Defendant of those persons enrolled in a "Wash Club" purchased at its Murphy, North Carolina location.

### Typicality

38. Plaintiff, Kenneth Curry, is typical of a member of the Class pursuant to Rule 23(a)(3). Plaintiff purchased a car wash at the Whistle Express facility located in Murphy, North Carolina and was enrolled in a "Wash Club" with an automatic renewal in violation of North Carolina law. Plaintiff's interest in obtaining compensation for his loss is identical to those of other unnamed members of the Class.

Commonality

39. Pursuant to Rule 23(a)(2) there are questions of law and facts common to all members of the proposed Class which predominate over any individual issues. Common questions of law and fact include the following:

a. Whether the process used by the Defendant to sell car washes and subscriptions to a "Wash Club" at its Murphy, North Carolina location is unfair and deceptive.

b. Whether the automatic renewal subscriptions to a "Wash Club" sold by Whistle Express at its Murphy, North Carolina location complied with N.C. Gen.Stat. 75-41 (a)(1)-(4) and each subsection thereof.

c. Whether the Whistle Express "automatic renewal clause is void and unenforceable" under N.C. Gen.Stat. 75-41 (e) requiring the Defendant to refund renewal fees to the Plaintiff and the Class.

d. Whether Whistle Express has violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75.1.1, *et seq*.

e. Whether Whistle Express owes consumers at its Murphy, North Carolina location refunds for automatic renewal subscription charges for its illegal automatic renewal scheme and the amount of any refunds.

f. Whether Plaintiff and the Class are entitled to an award of damages, including treble damages.

g. Whether the Plaintiff and the Class are entitled to an award of attorney fees and costs.

Adequacy Of Representation

40.     Plaintiff has no interest adverse to the interests of other members of the proposed Class and will fairly and adequately protect the interests of the Class pursuant to Rule 23(a)(4).

41.     Plaintiff has retained the undersigned counsel who are experienced and competent in the prosecution of class actions and complex litigation and have extensive experience necessary to prosecute this case and adequate resources to prosecute this case.

Superiority

42.     Pursuant to Rule 23(b)(3), the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Absent a class action, the Defendant's use of the deceptive automatic renewal scheme will continue at its Murphy, North Carolina location, and the class members will continue to suffer damage and the conduct of Whistle Express will proceed without effective remedy.

43.     Individual class members of the proposed Class have little interest or ability to prosecute an individual action due to the relatively small damages suffered by each member of the proposed Class.

44.     This action will allow for the orderly, fair, and expeditious administration of Class claims, economics of time, effort and expense will be fostered, and uniformity of decisions will be ensured.  A collective adjudication will allow sufficient proof and expertise to be assembled to fairly value and prove the losses at issue.

45. This action will present no difficulties which would impede its management by this Court as a class action and a class action is the best available means by which Plaintiff and the members of the proposed Class can seek redress for the harm caused to them by Whistle Express. An exact list of members of the proposed Class can be generated from Defendant's records for its Murphy, North Carolina location. The records of Whistle Express will show the amounts it charged consumers for the subscription to the "Wash Club" at its facility in Murphy, North Carolina. As such, both liability and damages can be shown on a classwide basis with common evidence and then allow a recovery to be distributed to the members of the Class.

### CAUSE OF ACTION – UNFAIR AND DECEPTIVE TRADE PRACTICES
### N.C. Gen. Stat. § 75.1.1, *et seq.,* and N.C. Gen. Stat. § 75-41, *et seq.*

46. Plaintiff and the proposed Class Members reallege the allegations contained in the previous paragraphs as if fully set forth herein.

47. Defendant's acts and/or omissions described herein constitute business activities used in and/or affecting commerce as defined by Chapter 75 of the North Carolina General Statutes.

48. The sale of "Wash Club" subscriptions is a service to a consumer where the contract automatically renews unless the consumer cancels the contract and thereby the activities of the Defendant are subject to N.C. Gen.Stat. § 75-41 "Contracts with Automatic Renewal Clauses" of the consumer protection act.

49. Defendant's acts and/or omissions in creating and implementing an illegal automatic renewal scheme for a "Wash Club" at its Murphy, North Carolina location is unfair and deceptive.

50. Defendant's acts and/or omissions in the sale of a subscription to a "Wash Club" at its Murphy, North Carolina location violated one or more provisions of the N.C. Gen.Stat. § 75-41, including, but not limited to:

   a. N.C. Gen.Stat. § 75-41(a)(1) is violated by not disclosing the automatic renewal clause clearly and conspicuously in the offer. The "Wash Club" automatic renewal offer is not clear or conspicuous to customers purchasing a car wash because the Defendant only offers a "Wash Club" in the first purchasing screen and the option to purchase a single wash is only made later in a confusing opt-out procedure. The meaning behind the screen discussing unlimited washes at a second visit are also unclear as to whether a coupon is being offered or whether the screen applies to current or future visits. The opt-out provision is also in a smaller font after the customer has already chosen a wash level on the previous screen which is unfair, deceptive, and fails to comply with North Carolina law.

   b. N.C. Gen.Stat. § 75-41(a)(1) is violated by failing to adequately disclose the automatic renewal clause clearly and conspicuously for the "Wash Club" membership because the Defendant does not provide the terms and conditions for membership in the "Wash Club" at the time of purchase of the initial wash. All the terms or conditions of the automatic renewal for the "Wash Club" are not provided to customers at the time of the purchase of the initial wash and the few prices or terms that are provided are minimal, confusing, misleading and fail to comply with North Carolina law.

c. N.C. Gen.Stat. § 75-41(a)(2) is violated by failing to disclose clearly and conspicuously how to cancel an automatic renewal and the Defendant has established no procedures for cancellation. This must be provided in the initial contract, contract offer, or with delivery of the products or services. Customers making a car wash purchase at the Whistle Express car wash facility in Murphy, North Carolina are not provided any instructions on how to cancel a "Wash Club" subscription at the time they purchase a wash in the drive thru. The facility does not provide any instructions at all to customers as to how to cancel a "Wash Club" subscription.

d. N.C. Gen.Stat. § 75-41(a)(3) is violated as the Defendant does not comply with the requirement that written notice be sent to the consumer by personal delivery, electronic email, or first class mail, at least 15 days but no earlier than 45 days before the date the contract is to be automatically renewed when the automatic renewal will exceed 60 days. There are no notices sent at all to customers notifying them of automatic renewals exceeding 60 days. The Plaintiff, Kenneth Curry, received no written notice or any written notices at all from the Defendant and the Defendant debited his account for an automatic renewal for six months.

e. N.C. Gen.Stat. § 75-41(a)(4) is violated because the Defendant sends no notice that the amount charged will increase which is a changing term of the contract. If the terms of the contract will change upon automatic renewal of the contract the company must disclose the changing terms of the contract clearly and conspicuously. When a customer of the Whistle Express location in Murphy, North Carolina is signed up for the "Wash Club" membership, the amount of the automatic renewal is double the amount of

16

Case 1:24-cv-00178-MR-WCM   Document 1   Filed 06/24/24   Page 16 of 19

the initial car wash fee paid by the consumer at the Murphy car wash facility and this is not clearly and conspicuously disclosed to the customer, and it was not clearly and conspicuously disclosed to the Plaintiff and the Class.

  f.  N.C. Gen.Stat. § 75-41 may have been violated in other manners to be discovered in this litigation.

  51.  Defendant's violations of the provisions of N.C. Gen.Stat. § 75-41(a)(1)-(4) regarding contracts with automatic renewal clauses as aforementioned constitute violations of the Unfair & Deceptive Trade Practices Act, N.C. Gen.Stat. 75-1.1, *et seq.* as a matter of law.

  52.  The manner in which Whistle Express enrolls customers in their "Wash Club" is also separately and independently generally unfair conduct that offends public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers of the Murphy car wash location. Whistle Express, is in effect "tricking" consumers to sign up for a "Wash Club" subscription and then making it extremely difficult to cancel the subscription, all so the Defendant can profit at the expense of consumers.

  53.  Therefore, these deceptive actions of Defendant, Whistle Express separately, alternatively, and additionally also constitute violations of the Unfair and Deceptive Trade Practices Act N.C. Gen.Stat. 75-1.1, *et seq.*

  54.  As a direct and proximate result of Defendant's unfair and deceptive trade practices, the Plaintiff, Kenneth Curry, and the Members of the proposed Class have been damaged.

55. By virtue of its unlawful acts and/or omissions, Defendant is liable to and owes Plaintiff and the Class Members treble damages, attorney fees and costs, together with all other damages Plaintiff, Kenneth Curry, and the Class Members may prove as allowed by law.

**WHEREFORE**, Plaintiff and the proposed Class Members respectfully prays that the Court:

1. Enter an Order certifying this action as a class action, including certifying the cause of action under the appropriate subsection of Fed.R.Civ.P.23;

2. Enter an Order appointing Plaintiff, Kenneth Curry, as class representative and appointing the undersigned counsel to represent the Class;

3. Enter an Order declaring the Defendant's automatic renewal clause void and unenforceable under N.C. Gen.Stat. 75-41(e) requiring the Defendant to refund renewal fees to the Plaintiff and the Class.

4. Enter judgment in favor of Plaintiff and the Class Members for compensatory damages resulting from the Defendant's unfair and deceptive trade practices in an amount to be determined at trial;

5. Enter judgment for Plaintiff and the Class Members against Defendant trebling damages, awarding interest, and further awarding Plaintiff its attorney fees;

6. Tax the cost of this action against the Defendant;

7. Grant other and further relief as the Court may deem just and proper; and

8. Grant the Plaintiff and Class Members a jury trial.

This, the 24th day of June, 2024.

Respectfully submitted,

*/s/ Kelly A. Stevens*
Kelly A. Stevens, NC Bar No.: 27066
Hemmings & Stevens, P.L.L.C
5540 McNeely Drive, Suite 202
Raleigh, NC 27612
Phone: (919) 277-0161
Fax: (919) 277-0162
kstevens@hemmingsandstevens.com
*Attorney for the Plaintiff*


*/s/ Aaron C. Hemmings*
Aaron C. Hemmings, NC Bar No.: 29810
Hemmings & Stevens, P.L.L.C
5540 McNeely Drive, Suite 202
Raleigh, NC 27612
Phone: (919) 277-0161
Fax: (919) 277-0162
ahemmings@hemmingsandstevens.com
*Attorney for the Plaintiff*