IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00178-MR-WCM

| | |
|---|---|
| KENNETH CURRY, individually and on behalf of a class of similarly situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| EXPRESS WASH OPERATIONS, LLC, d/b/a WHISTLE EXPRESS CAR WASH, | )<br>)<br>)<br>) |
| Defendant. | ) |

ORDER

This matter is before the Court on Plaintiff's Motion to Compel (Doc. 25) and a Consent Motion to Extend Time for Expert Designations (the "Motion to Extend," Doc. 27). The undersigned conducted a status conference and a hearing on these Motions on December 16, 2024. Following those proceedings, the undersigned ruled orally on the Motions. This order memorializes those rulings.

Plaintiff's Complaint seeks relief on behalf of individuals who purchased car washes at Defendant's location in Murphy, North Carolina and were subsequently charged automatic renewal fees. Through the Motion to Compel, Plaintiff seeks information regarding Defendant's activities at its numerous other locations in North Carolina. However, the undersigned finds that this

1

discovery is not proportional to the needs of the case in light of the current factual allegations, proposed class definition, and single pending claim, as set out in Plaintiff's Complaint. Further, Plaintiff has not explained sufficiently how the information sought would be relevant to the current claim.[1] In addition, while Plaintiff's counsel indicated that the subject discovery is intended to provide information that Plaintiff may use to consider expanding the proposed class to include customers of some or all of Defendant's other locations in North Carolina, Plaintiff has not cited authorities that find the discovery process may be used for this purpose.

With respect to the Motion to Extend, the undersigned will allow the parties some additional time to make their expert disclosures but will leave the remaining case deadlines in place at this time.

**IT IS THEREFORE ORDERED THAT**:

(1) Plaintiff's Motion to Compel (Doc. 25) is **DENIED**.

(2) The Consent Motion to Extend Time for Expert Designations (Doc. 27) is **GRANTED**, and the Pretrial Order and Case Management Plan (the "Pretrial Order," Doc. 13) is **AMENDED** as follows:

> Reports for retained experts under Rule 26(a)(2) will be due from the party with the burden of proof on a particular issue no later than **January 8, 2025**; responsive expert reports from the party without the

---

[1] Though Plaintiff's counsel stated that Plaintiff may seek to amend the Complaint, no such amendment has been made or requested.

burden of proof on a particular issue will be due no later than **February 7, 2025**. Rebuttal expert reports may be filed no later than **March 7, 2025**.

(3) All other provisions of the Pretrial Order, including the March 10, 2025 deadline to complete court-enforceable discovery, remain in effect.

Signed: December 17, 2024

W. Carleton Metcalf
United States Magistrate Judge